PER CURIAM.
A.R., appellant, pled nolo contendere to the offense of battery on a law enforcement officer, a third-degree felony. Section 784.07(2)(b), Fla.Stat. (1991). Adjudication of delinquency was withheld, and appellant was referred to the Juvenile Alternative Services Program (JASP). In addition to sanctions requiring appellant to perform thirty hours of community service, and to write a letter of apology and an essay, appellant was directed to pay costs of $50, pursuant to section 960.20, Florida Statutes (Supp.1992). Appellant contends that section 960.20 does not authorize the imposition of costs when adjudication of delinquency is withheld. We agree, and reverse the order imposing costs.
We find that our disposition of this case is controlled by this court’s decision in T.J. v. State, 619 So.2d 425 (Fla. 1st DCA 1993). In T.J., the court held that where adjudication of delinquency is withheld, assessment of costs-pursuant to section 960.20, Florida Statutes, is not authorized. The court stated, in pertinent part:
Attributing their ordinary meaning to the words used in section 960.20, we find no ambiguity inherent in the statutory language, for it clearly means that the court is authorized to assess $50 costs against a juvenile charged by petition for delinquency only (1) where the juvenile is adjudicated delinquent for violating a *1153 criminal law defining a felony, misdemeanor, or criminal traffic offense, or any municipal or county ordinance that adopts by reference any misdemeanor under state law, ...
... Lacking the required adjudication of delinquency, the assessment of $50 costs against T.J. was beyond the court’s authority specified in section 960.20..
In this case, as in T.J., adjudication of delinquency was withheld. Therefore, the assessment of $50 costs exceeded the authority set forth in section 960.20.
Accordingly, the order imposing costs is reversed.
ERVIN, JOANOS and MICKLE, JJ., concur.